UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATRINA RUCKER,

Plaintiff,

v.

KAISER PERMANENTE OF WASHINGTON,

Defendant.

CASE NO. C22-0634JLR

ORDER

## I. INTRODUCTION

Before the court is Plaintiff Katrina Rucker's complaint against Kaiser Permanente of Washington ("Kaiser") (Compl. (Dkt. # 5)[1]) and her motion for a temporary restraining order (Mot. (Dkt. # 6)). Ms. Rucker is proceeding *pro se* and *in forma pauperis* ("IFP"). (*See generally* Compl.; IFP Order (Dkt. # 4).) Under 28 U.S.C.

[1] When the court refers to Ms. Rucker's complaint, it refers to the complaint filed at docket entry five and the attached "statement of a claim."

§ 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is "frivolous or malicious," fails to state a claim on which relief may be granted, or "seeks relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not only those filed by prisoners). The court has reviewed Ms. Rucker's complaint and has determined that it lacks jurisdiction over this action and that the allegations therein are frivolous. Accordingly, the court DISMISSES Ms. Rucker's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and DENIES her motion for a temporary restraining order.

## II. BACKGROUND

Ms. Rucker filed a motion to proceed IFP, a proposed complaint, and a motion for a temporary restraining order on May 11, 2022. (*See* IFP Mot. (Dkt. # 1).) Magistrate Judge Michelle S. Peterson granted Ms. Rucker's IFP motion. (*See generally* IFP Order.) This is the third case filed by Ms. Rucker regarding alleged mistreatment by health care providers. *See Rucker v. State of Washington*, Case No. C22-5298RJB (W.D. Wash. May 3, 2022); *Rucker v. Healthpoint*, Case No. C22-0621RAJ (W.D. Wash. May 9, 2022).

Ms. Rucker alleges that a "mentally ill, homosexual, black, male employee" of Healthpoint Medical Clinic has been stalking her and "wants to 'be [her].'" (Compl. at 8.) She asserts that he has access to "listening technology" that he uses as a means to "mentally and physically torture [her] person." (*Id.* at 7.)

//

Ms. Rucker alleges that, in 2020, the Healthpoint employee "entered [her] medical appointment without [her] consent and began having sex with the medical provider . . . in the middle of the appointment." (*Id.* at 8.) She claims that she changed medical providers and he followed her there. (*Id.*) She says that this employee, her brother, and a panel of Kaiser doctors then tried to have her committed to a mental institution. (*Id.*) Ms. Rucker further asserts that she passed a competency evaluation, but that this Healthpoint employee and a panel of doctors are still telling people they are going to "lock her up." (*Id.* at 8-9.) She then alleges that this employee contacted out-of-state family, pretended to be a doctor, lied about her, and paid them with "money, drugs," and "sexual favors (with men and women)" "to misrepresent [her] physical and mental status." (*Id.* at 9.) She maintains that this Healthpoint employee and his Kaiser "associates (people he either paid or blackmailed or paid and then began to blackmail)" placed cameras in her living space, have been reading her emails, listening to her phone calls, and contacting everyone she encounters and telling them that she was "mentally retarded, crazy, insane," and that "they were required to wear a Washington State listening device in [her] presence." (*Id.*) Ms. Rucker claims that she has reported his behavior and that of "stalkers" to Kaiser and it refuses to respond. (*Id.* at 7-8.)

As a result, Ms. Rucker contends that she has suffered physical pain, can't find a place to live, work or worship, or get medical care. (*Id.* at 7, 10.) She identifies her claim as "violation of civil rights, federal right to decide and make life choices removed without cause or merit" and seeks $1,000,000 in damages. (*Id.* at 3, 5.)

//

In her motion for a temporary restraining order, Ms. Rucker asks the court to enter an "anti-harassment order to prohibit any Kaiser Permanente employee(s) and/or contractor(s) . . . from any form of contact" with her and to cease reading her emails, listening in on her phone calls, and to "remove any/all electronic listening and/or monitoring devices involving [her]." (Mot. at 1.)

## III. ANALYSIS

The court begins by addressing its jurisdiction over this action before turning to the sufficiency of Ms. Rucker's complaint.

### A. Jurisdiction

Ms. Rucker has the burden of demonstrating jurisdiction by showing "the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); s*ee also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction"). District courts possess federal question jurisdiction over all claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *Bell v. Hood*, 327 U.S. 678, 680-82 (1946).

District courts also possess subject-matter jurisdiction when the requirements for "diversity of citizenship" are met under 28 U.S.C. § 1332. To establish diversity jurisdiction, the defendant and plaintiff must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

After reviewing the pleadings, the Court concludes that it lacks jurisdiction. Plaintiff references a "violation of civil rights, federal right to decide and make life choices removed without cause or merit." (Compl. at 3.) Her complaint does not otherwise identify a provision of the U.S. Constitution or any federal statutory right that has been violated (*see generally id.*) and none are readily apparent to the court. Thus, her complaint fails to establish federal question jurisdiction under the well pleaded complaint rule. *See* 28 U.S.C. § 1331; *Bell*, 327 U.S. at 680-82 (stating that a basis for federal question jurisdiction must appear on the face of the well pleaded complaint). Ms. Rucker also fails to meet the requirements for diversity jurisdiction because she alleges that both she and Kaiser are residents of Washington. (*See* Compl. at 1-2); *see also* 28 U.S.C. § 1332(a)(1). Accordingly, the court DISMISSES this action for lack of subject matter jurisdiction.

**B. Review of Ms. Rucker's Complaint**

Even if the court had jurisdiction over this action, the court would still be required to dismiss the complaint. The court is required to dismiss an IFP plaintiff's case if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Because Ms. Rucker is a *pro se* plaintiff, the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, her complaint must still contain factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

Ms. Rucker's complaint is largely the same as the ones dismissed in *Rucker v. State of Washington*, Case No. C22-5298RJB (W.D. Wash. May 3, 2022), Dkt. # 3 (dismissing action for lack of jurisdiction and failure to state a claim) and *Rucker v. Healthpoint*, Case No. C22-0621RAJ (W.D. Wash. May 11, 2022), Dkt. # 5 (dismissing action for lack of jurisdiction and as frivolous).  This complaint seemingly replaces all references to the State of Washington and Healthpoint as defendants with Kaiser and attaches a nearly identical "statement of claim" to the complaint.

After reviewing Ms. Rucker's complaint, the court concludes that the complaint is frivolous.  While the facts alleged in a complaint should generally be accepted as true for purposes of entering a judgment on the pleadings, clearly baseless factual contentions may be dismissed as frivolous under Section 1915. *Denton v. Hernandez*, 504 U.S. 25,

27 (1992). A pleading is "factually frivolous" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [Section 1915(d)'s] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(d) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are "clearly baseless," "a category encompassing allegations that are 'fanciful,'" "fantastic," or "delusional." *Id.* at 31-33 (quoting *Neitzke*, 490 U.S. at 327).

      Here, the court finds that Ms. Rucker's allegations "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, and, as such, concludes that her complaint is frivolous and should be DISMISSED without leave to amend. *See Lopez*, 203 F.3d at 1127 n.8 (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend"); *see also* Order Dismissing Case at 4-5, *Healthpoint*, Case No. C22-0621RAJ, Dkt. # 5 ("A finding of factual frivolousness . . . is appropriate here given [Ms. Rucker's] allegations.").

      Additionally, because the court lacks jurisdiction over this case, and because Ms. Rucker's complaint is frivolous, there is no legal ground for the court to grant Ms.

//

Rucker's motion for a temporary restraining order. Accordingly, the court DENIES Ms. Rucker's motion for a temporary restraining order.

## IV. CONCLUSION

For the foregoing reasons, the court: (1) DISMISSES Ms. Rucker's complaint without leave to amend (Dkt. # 5); (2) DENIES Ms. Rucker's motion for a temporary restraining order (Dkt. # 6); and (3) DIRECTS the Clerk to close this case and send a copy of this order to Ms. Rucker.

Dated this 12th day of May, 2022.

JAMES L. ROBART
United States District Judge